UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CYNTHIA A. WHITMORE,

       Plaintiff,

v.                                 Case No. 8:18-cv-2808-MAP

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

## ORDER

      This is an appeal of the administrative denial of supplemental security income benefits (SSI), disability insurance benefits (DIB), and period of disability benefits. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). In her appeal, Plaintiff asserts the Administrative Law Judge (ALJ) erred by failing to find her fibromyalgia a severe impairment; by failing to find that she has work limitations caused by her mental problems; and by failing to find her dental problems a severe impairment. After considering Plaintiff's arguments, Defendant's response, and the administrative record, I find the ALJ applied the proper standards and her decision is supported by substantial evidence. I affirm the ALJ's decision.

    *A. Background*

      Plaintiff, born on July 24, 1965, was 55 years old at the time of the November 8, 2017 administrative hearing.[1] She completed two years of college, and has work experience as an office helper and a general office clerk (R. 40-42). She stopped working in March 2013 because it became too difficult both mentally and physically for her to perform the duties of her job (R. 43).

_____

[1] A previous hearing before a different ALJ was held on June 1, 2017, but that ALJ did not finalize her decision before leaving office (R. 84).

In her application, Plaintiff alleged disability beginning March 1, 2013, due to bipolar, depression, fibromyalgia, neck problems, osteoporosis, arthritis, and severe anxiety (R. 118). Her date late insured (DLI) is December 31, 2018. After a hearing, the ALJ found Plaintiff has the severe impairments of spine disorder, dysfunction of major joint knee and right shoulder, and suprapatellar bursitis of the right knee (R. 13). But, aided by the testimony of a vocational expert (VE), the ALJ determined Plaintiff is not disabled as she has the RFC to perform a reduced range of light work, including her past relevant work as an office helper and general clerk (R. 19). Plaintiff appealed the decision, and the Appeals Council denied Plaintiff's request for review (R. 1). Plaintiff, who has exhausted her administrative remedies, filed this action.

### B. Standard of Review

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in

substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

*C. Discussion*

*1. fibromyalgia*

In the main, Plaintiff asserts the ALJ erred at step two by failing to find that her fibromyalgia is a severe impairment. Step two is a threshold inquiry. The Eleventh Circuit has

held that "a claimant's impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see also* 20 C.F.R. §§404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). But, Plaintiff's emphasis on step two is misguided. Step two requires only that the ALJ determine whether Plaintiff suffers from at least one severe impairment. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (holding "the finding of any severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is enough to satisfy step two). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. App'x 823, 825 (11th Cir. 2010) (citing *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

Here, the ALJ found three severe impairments, spine disorder; dysfunction of major joint knee and right shoulder; and suprapatellar bursitis of the right knee (R. 13), satisfying the step two inquiry. In reaching this finding, the ALJ considered Plaintiff's other alleged impairments. The ALJ explained:

> The claimant testified that she suffered from fibromyalgia. Social Security Ruling 12-2p provides fibromyalgia may be found to be a medically determinable impairment if there is documented evidence consistent with a diagnosis of fibromyalgia. Generally, the claimant must meet one of two tests, both of which include widespread pain in all quadrants of the body and axial skeletal pain that persisted for at least three months and exclusion of other possible diagnosis. In the instant case, there is no documented evidence that supports fibromyalgia as a medically determinable impairment (see i.e. Exhibit 15F). Therefore, I find fibromyalgia is not established as a medically determinable impairment.

(R. 14). After her step two discussion, the ALJ progressed to the remainder of the five-step disability determination process as required. At step three she considered Plaintiff's fibromyalgia as required (R. 16-17). Hence, I cannot conclude the ALJ erred at step two by failing to include her fibromyalgia among her severe impairments.

I note that in the last paragraph of her argument, Plaintiff also asserts that the "ALJ should have gone on in the analysis of the fibromyalgia to determine what functional impairments it would have caused [her]" (Doc. 20, p. 28). But, she stops short of describing the functional limitations she has as a result of her fibromyalgia. According to SSR 12-2p, to establish the medically determinable impairment of fibromyalgia, a claimant must have a diagnosis from an acceptable medical source that meets all the following criteria:

> A history of widespread pain that has persisted more than three months;

> At least 11 positive trigger points on proper physical examination or repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and

> Evidence that other disorders that could have caused these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.

*Id*. at *2-3. When making an RFC determination, SSR 12-2p states, an ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'good days and bad days.'" *Id*. at *6. In determining whether a claimant can do any past relevant work or other work that exists in significant numbers in the national economy, SSR 12-2p instructs an ALJ to consider widespread pain or other symptoms associated with fibromyalgia (such as fatigue) and to "be alert to the possibility that there may be exertion or nonexertional limitations, such as postural or environmental limitations, that may impact the analysis." *Id*. Of course, a diagnosis of fibromyalgia does not necessarily equate to work-related

limitations.  *See* 42 U.S.C. §423(d)(1)(A) ("The term 'disability' means inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment"); *Moore, supra,* 405 F.3d at 1213, n.6 (existence of impairments does no reveal extent to which they limit ability to work or undermine ALJ's determination in that regard); *Davis v. Barnhart*, 153 Fed. Appx. 569, 572 (11th Cir. 2005) ("Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself").  And, although Plaintiff testified that her fibromyalgia caused significant pain,  she has not identified medical evidence showing that her fibromyalgia caused limitations that exceed the limitations set forth in the ALJ's RFC, nor has she pointed to medical opinions that imposed work-related restrictions during the relevant time period. Rather, she cites pre-onset date diagnosis of fibromyalgia that is not a part of the administrative record, and to certain pages within her medical records that list fibromyalgia among her diagnoses.  These records, however, do not support a conclusion that Plaintiff has limitations beyond those included in the ALJ's RFC determination.

   *2. mental problems*

   Plaintiff maintains that the ALJ erred by failing to include limitations related to her mental health diagnoses. In support, she argues that her bipolar disorder, depression, and anxiety "could have caused irritability over minor issues and feeling of being overwhelmed easily with stress" … "the limitations she testified to" (doc. 20, p. 33; R. 44-45).  She claims the medical records support her testimony and show that she suffers from symptoms that would interfere with a work environment.  She also asserts she could not get medications or treatment she needed due to lack of medical insurance and lack of transportation.   In response, the Commissioner asserts that Plaintiff's unspecified claim of mental RFC limitations is unsupported.  I agree.

The ALJ properly considered Plaintiff's mental impairments at step two by rating her degree of limitation in the four broad functional areas (paragraph B criteria) used to evaluate mental disorders. In her decision, she explained that Plaintiff had no limitation in understanding, remembering, or applying information and adapting or managing oneself, and mild restrictions in interacting with others or concentrating, persisting, or maintaining pace which equates to a non-severe mental impairment (R. 14). At step three, the ALJ found Plaintiff did not meet or medically equal a Listing, and at step four the ALJ assessed Plaintiff's mental and physical impairments as required by SSR 96-8p and SSR 16-3p, and the applicable regulations (R. 15-16). The ALJ discussed that consultative psychologists Butler and Golin's opined that Plaintiff's mental impairments were non-severe; that her mental health treatment was conservative; and that mental status examinations generally found Plaintiff alert and fully oriented with intact memory, concentration and abstract thinking, average intelligence, logical thought content, an organized thought process, normal speech, and good judgment/insight (R. 14, 487, 491, 493, 500, 504, 690, 692, 694, 697-98, 713-14, 722, 728, 735, 746-47, 859, 861-62, 874, 881, 903). The treatment notes from mid-2017, around the time Plaintiff lost custody of her granddaughter, show that Plaintiff was depressed, anxious, and sad. However, even during this difficult time frame, her mental assessments were within normal limits and her symptoms were managed conservatively with therapy and medication (R. 871-881). Plaintiff indicated in a 2015 telephonic Function Report that she has a normal attention span, follows written and spoken instructions pretty well, and managed her own finances (R. 343). Administrative hearing testimony and function reports show Plaintiff took online courses for a business management certificate; helped care for her granddaughters and her pets; shopped and drove (R. 14-15, 58-59, 61-63, 89, 92, 339-42, 357).

In sum, the ALJ reviewed the medical evidence and found it sufficiently showed Plaintiff's limitations did not preclude performance of work. In reaching this decision, the ALJ found that the medical evidence was inconsistent with Plaintiff's testimony about her mental health. The ALJ discussed Plaintiff's mental health treatment, noting it included close monitoring, regular appointments, and conservative measures like medication and counseling with no indication that needed emergency psychiatric hospitalizations (R. 17). She also discussed Plaintiff's GAF scores, and her reason for assigning them little weight (R. 17). I find that substantial evidence supports the ALJ's RFC finding and disability determination. *See generally Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004); *May v. Comm'r of Soc. Sec.*, 226 Fed. Appx. 955, 960 (11th Cir. 2007) (ALJ not required to include additional limitations he found not supported by the evidence).

### 3. dental problems

At the hearing, Plaintiff testified that her bottom teeth are rotten, causing pain, difficulty eating, and weight loss (R. 53). She asserts the ALJ erred by failing to find her dental problems a severe impairment. Even assuming the ALJ erred at step two by failing to find Plaintiff's dental condition a severe impairment, such error is harmless because the ALJ found that Plaintiff suffers from three severe impairments and progressed through the other steps to reach a disability determination. *See Jamison, supra*, 814 F.2d at 588; *Heatly, supra*, 385 F. App'x at 825. Moreover, although Plaintiff's dental condition has surely caused pain and made it difficult for Plaintiff to eat, she has not identified any work-related limitations that the ALJ should have included in her RFC related to her dental issues. And the ALJ properly considered her pain and difficulty eating, as required (R. 18).

Relatedly, I must address Plaintiff's ability to afford proper dental treatment as Plaintiff has intertwined this issue with her argument that the ALJ erred at step two. She claims the ALJ found her dental problems not severe because she failed to follow through with recommended dental treatment she could not afford. The ALJ does discuss Plaintiff's referral to low cost dental care providers and that she "did not access" these providers (R. 13). But Plaintiff's failure to obtain treatment or to afford it was not the basis for the ALJ's conclusion that Plaintiff's dental problems were not a severe impairment. In deciding which of Plaintiff's impairments were severe at step two the ALJ discussed Plaintiff's treatment for a variety of problems (including her periodontitis). She explained why she concluded Plaintiff's dysfunction of joint, ankle; right ankle sprain; left shoulder; history of presyncopal episodes; mildly enlarged right inguinal lymph node; left hip contusion; s/p cervical fusion; migraine; tremor; idiopathic neuropathy; carpal tunnel; periodontitis; and obesity were all non-severe impairments (R. 13). As to periodontitis the ALJ stated: "Treatment notes in October of 2017 indicated a diagnosis of periodontitis. Examination notes indicated decayed teeth. The claimant testified that she needed dentures, but it was cost prohibitive. However, there were many referrals for low cost dental care that claimant did not access" (R. 13). At the end of her discussion, the ALJ concluded, "These impairments [including periodontitis] caused no more than minimal limitation in her ability to perform basic work activity when considered singly or in combination with all of her impairments. Therefore, I find these impairments to be non-severe (R. 13).

Plaintiff states the low-cost providers were unable to repair her teeth as her dental problems were too severe (teeth broken below the gumline) for these clinics to treat. The record shows that Aspen Clinic was not affordable, but unfortunately the record does not include any evidence that Plaintiff sought dental care elsewhere. Plaintiff correctly notes it is improper for an ALJ to rely

on failure to obtain treatment or comply with treatment as the sole ground for denial of disability benefits without first determining whether a claimant is able to afford treatment. *See Dawkins v. Bowen*, 848 F.2d 1211, 1214 (11th Cir. 1988). This case, however, is not one in which the ALJ denied disability based upon a claimant's failure to obtain treatment. And Plaintiff has not attempted to establish that it is. Sadly, her dental problems have resulted in infections and difficulty eating, but Plaintiff has not argued that these problems have caused work-related limitations. I find the ALJ's decision is supported by substantial evidence.

*D. Conclusion*

For the reasons stated above, it is ORDERED:

1. The ALJ's decision is AFFIRMED; and

2. The Clerk of Court is directed to enter judgment for the Commissioner and close the case.

DONE and ORDERED in Tampa, Florida on December 31, 2019.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE